**SO ORDERED.**

**SIGNED this 12 day of December, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

    FAMILY SNACKS OF NORTH CAROLINA,
    INCORPORATED,

        Debtor.                                Case No. 99-05617-8-JRL

_____

    FAMILY SNACKS OF NORTH CAROLINA,
    INCORPORATED,

        Plaintiff,

    v.                                         Adv. Proceeding No.
                                                        06-00021-8-JRL

    MARC R. TOW,

        Defendant.

_____

**ORDER**

    This adversary proceeding is before the court on the plaintiff's motion to amend the complaint. On December 11, 2006, the court conducted a hearing on this matter in Raleigh, North Carolina.

The plaintiff seeks to amend the complaint to add a count under 11 U.S.C. § 542(b) and to add allegations more specifically setting forth the defendant's purported fraudulent intentional misrepresentations. The plaintiff also seeks to add allegations to the complaint setting forth the agency relationship between the defendant and Prepared Products Co., Inc., and its principal, Thomas W. Lehmer ("Lehmer Defendants").

Under Rule 15 of the Federal Rules of Civil Procedure, made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure, leave to amend should be freely given in the absence of "prejudice, bad faith, futility, or dilatoriness associated with the motion." Sandcrest Outpatient Services, P.A. v. Cumberland County Hosp. System, Inc., 853 F. 2d 1139 (4th Cir. 1988). The defendant opposes the motion, asserting that the amended complaint will result in undue delay and prejudice to the defendant. At the time the plaintiff's motion was filed, discovery was closed and trial was scheduled to begin in thirty-five days. The court, however, granted a sixty-day continuance of trial. At this time, a trial date has not been rescheduled in this matter, and the parties are making arrangements to attend mediation during the beginning of 2007.

At the hearing, the plaintiff provided a thorough overview of its intended amendments. The court is convinced that the amendments will only embellish and/or clarify what is already set forth in the complaint. The court grants the motion to amend, which was timely filed pursuant to the court's order entered October 4, 2006.[1] In granting the motion, the court finds no prejudice, bad faith, futility or dilatoriness associated with the motion. Accordingly, the plaintiff has ten days to amend its complaint from entry of this order. The defendant has ten days to respond or stand on its

---

[1] The court extended the time to file motions in this adversary proceeding. Because the deadline fell on a Saturday, the plaintiff timely filed its motion to amend the complaint on the following Monday. *See* Bankr. R. 9006(a).

original answer. The court will allow additional time for discovery if the defendant, by motion, makes a particularized showing that it is warranted in light of the new allegations of the amended complaint.

"END OF DOCUMENT"